## South Twelfth Street.

*Road law—Damages—When the right to damages accrues—Plotting a street—Opening a street.*

The right of the individual to compensation for land subjected by municipal authority to public use, can only arise when the land has been taken. Until this occurs the owner has not been disturbed in his possession, and is consequently without injury. The plotting of a street through the land of a private owner is not a taking of the land; it is simply the expression of a purpose to take it when occasion for the opening of the projected street arises.

Where a street previously plotted has been actually opened for public use, the fact that no compensation can be recovered for the removal of any buildings erected on the bed of the proposed street after the same had been plotted, is not to be considered as a circumstance affecting the market value. Gamble v. Philadelphia, 162 Pa. 413, distinguished.

Argued Feb. 4, 1907. Appeal, No. 356, Jan. T., 1906, by City of Allentown, from judgment of C. P. Lehigh Co., Jan. Term, 1906, No. 67, on verdict for plaintiffs In re Opening of South Twelfth Street from Walnut Street to Union Street in

the City of Allentown.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.   Affirmed.

Appeal from award of jury of view.   Before TREXLER, P. J. At the trial the defendant presented the following points:

1. In estimating the damages to which the plaintiffs are entitled, the jury shall consider the value of the plaintiff's ground before the taking and the value of the remainder after the taking and the difference, if the damages are greater than the benefits, will be the plaintiff's damages. *Answer:* This is affirmed as a proposition of law, although in this case the only evidence as to the remainder of the plot that is left to the Grims is that it was of the same value as the portion taken by the street so that, as I have said before, the real question before you is, what were the sixty feet worth at the time of the taking. [1]

2. In estimating the value of the property, the jury shall consider what would affect the market value of the property at the time before the street was opened ; whatever a prospective purchaser might take into consideration ; its location with reference to other property ; its location with reference to open streets, and its location with reference to plotted streets. *Answer:* This is negatived.   The point contains a true proposition of law, but the only evidence of the plotting of the street is the plotting of Twelfth street over the property in question : in the view of the court that has nothing to do with the case and the jury is instructed to disregard it. [2]

3. If, by the general conduct of the plaintiffs and their predecessors in title, the property at the southeast corner of Twelfth and Walnut streets became in fact a corner lot and through continuous use or by the deeds of conveyance or otherwise the bed of Twelfth street south of Walnut street became subject to an easement in favor of the lot at the southeast corner of Twelfth and Walnut streets, then this fact must be taken into consideration by the jury as an element decreasing plaintiff's damages and the damages for which defendant is liable. *Answer:* This is negatived because there is no evidence in the case to support the facts alleged in the point. [3]

4. The plotting of a street is an incumbrance and no person shall be entitled to any damages for any buildings or improve-

ments of any kind which shall or may be placed or constructed upon or within the lines of any located street or alley after the same shall have been located or ordained by councils. The street in question having been ordained and plotted and placed on the city plan in 1870, and the plaintiffs having purchased the property subject to restrictions caused by the ordaining, plotting and placing of South Twelfth street from Walnut street south upon the city plan, the jury, in considering the value of plaintiffs' property immediately before the taking, must consider its value in the open market subject to the restrictions caused by South Twelfth street being ordained, plotted and placed upon the city plan over the property in question. *Answer :* This is negatived. [4]

5. The jury, in considering the value of the property before taking, must take into consideration the fact that no buildings or improvements of any kind could be placed or constructed within the lines of the located and ordained street, or if any buildings or improvements were so placed or constructed, no damages could be recovered for their removal or destruction. *Answer :* This is correct as a proposition of law, but is negatived for the purpose of this case because there is no evidence on the part of the plaintiff of any buildings or constructions along the street opened. [5]

6. Where the owner of ground having sold all the ground adjoining, well knowing or being presumed to know that a street had been laid out over the precise portion which he retained and which neither he nor any other person could use for building purposes, he can recover for the value of the ground only ; and that ground with reference to its condition and value at the time of the taking as affected by the street ordained and plotted upon it. *Answer :* This is refused. [6]

Verdict and judgment for plaintiff for $4,900. Defendant appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*Leo Wise,* city solicitor, for appellant.—After the street has been plotted or located the owner cannot recover for buildings or improvements placed thereon. Yet in this case the court ruled that while he could not improve his own property, he

was entitled to the benefit of his neighbors having improved their properties and thus having increased the value of ground in the vicinity. The more logical reasoning would seem to be that the value of the ground was fixed when the street was located or plotted and that when the city took actual possession of the street the owner should be paid therefore only what the ground was worth at the time of the location or plotting, plus, perhaps, the interest: Gamble v. Phila., 162 Pa. 413; Hancock v. Phila., 175 Pa. 124; Fitzell v. Phila., 211 Pa. 1; Neely v. Philadelphia, 212 Pa. 551.

*Edwin H. Stine* and *Thomas F. Diefenderfer*, for appellees, Jacob W. Grim et al.—The correct rule is, to take the value of the land before the opening of the street, unaffected by the plotting. The plotting must be considered as part of the damages inflicted by the city for which recovery is postponed until after entry is made, and the value of the land before and after the opening will furnish the two elements by which the damages are ascertained. In this case, the entire land being taken, the only question was its market value before the taking: Bush v. McKeesport City, 166 Pa. 57; Forbes Street, 70 Pa. 125; Brooklyn Street, 118 Pa. 640; Wayne Ave., 124 Pa. 135; Bellefield Ave., 2 Pa. Superior Ct. 148; McMullin v. Pittsburg, 53 Pitts. L. J. 159.

OPINION BY MR. JUSTICE STEWART, April 1, 1907:

The right of the individual to compensation for land subjected by municipal authority to public use can only arise when the land has been taken. Until this occurs the owner has not been disturbed in his possession, and is consequently without injury. The plotting of a street through the land of a private owner is not a taking of the land; it is simply the expression of a purpose to take it when occasion for the opening of the projected street arises. In this instance an interval of nearly forty years occurred between the plotting and the opening of the street. Appellant's contention that the owner's compensation is to be measured by the market value of the land, as of the date when the street was plotted, finds no support in reason or authority. It is sufficiently answered in what we have said.

Equally untenable is the other position taken, viz.: that if the true measure of compensation be the market value of the land when taken, the fact that no compensation could be recovered for the removal of any buildings erected on the bed of the proposed street after the same had been plotted, is to be considered as a circumstance affecting such market value. This is simply asserting the right of confiscation in a modified form, only feebly disguised. By reason of the plotting the owner is virtually denied the privilege of building on his land, and it is argued that with this privilege extinguished the land would have a much reduced value in the estimation of the average buyer. Of course, it would. But who is responsible for this reduction? Not the owner; the impairment of value resulted from nothing he had done, but as the immediate consequence of the steps taken by the municipality towards the appropriation, in invitum, of the owner's land. In the present case it is quite clear that without the right to build upon the land, this narrow strip, sixty feet wide, located as it is, would be of little if any value. This then is the contention, that the municipality in the furtherance of public ends, having stripped the land of nearly its entire value, now when it seeks to accomplish fully its purposes in connection therewith, is to be allowed to acquire the land by paying a sum measured by the little value the municipality has left in it. Such a result would be a travesty on the constitutional provision which requires in all such cases just compensation to be made for the property taken. Of course the case of Gamble v. Philadelphia, 162 Pa. 413, so much relied upon by the appellant, is no authority for any such doctrine. The only resemblance between this case and that is, that the demand in both was for compensation for ground taken for a public street. In that case, the measure adopted was the market value of the land without the privilege of building thereon; but that was because the owner himself, by his own act, in conveying certain lots fronting on the proposed street, granted to his vendees the right of way upon and over the ground subsequently appropriated by the municipality, but which was then his own individual property. This right of way so conveyed would have existed thereafter had the street never been open; and neither the owner nor those claiming under him could have

obstructed it by building or otherwise; so that when the city afterwards appropriated the land, this right of building on the land having been parted with by the owner, the city could only be called upon to make just compensation to the owner for what it had taken from him.

The assignments of error are overruled and the judgment is affirmed.