## In re Widening of Sansom Street.

*Road law—Widening of street—Time for assessment of damages—Action by the municipality—Action by the owner.*

1. The mere change of the lines of a street on the city plan, so as to provide for the future incorporation therein of some of the property along the street, is not such an appropriation, taking or injury as will entitle the land owner to damages without some further action by himself or the city.

2. In such case, the city may formally provide for the making of the proposed improvement by the widening of the street and the taking of private property, in which event the owner's right to damages accrues; or the city may, by some unequivocal act, hasten the time for the assessment of damages where the whole improvement is considered as one undertaking, and the municipality acquires title to a part of the land covered by the improvement and condemns other portions and starts making the improvements.

3. The owner himself may advance the time when his damages may be assessed by some unequivocal act or by acceptance of the act of the city, such as tearing down the property upon the land proposed to be taken by the municipality and the improvement of the remaining portion of his land in conformity with the proposed appropriation by the municipality; the mere preparation of plans for a new building not conforming to the act of the city is not sufficient.

Petition of Joseph Caplan for appointment of viewers to assess damages. C. P. No. 5, Phila. Co., Sept. T., 1927,

*Sundheim, Folz & Sundheim*, for petitioners.

*John M. Hutchinson*, Assistant City Solicitor, for City.

MARTIN, P. J., Feb. 9, 1928.—The petition asks for the appointment of viewers to assess damages for the alleged taking, injury or destruction of private property by the City of Philadelphia. The petition is opposed by the City upon the ground that there has been no legal taking or injury or destruction of petitioner's property.

The petition avers, *inter alia*, that Joseph Caplan is the owner of the property situate at the southwest corner of Fifteenth and Sansom Streets, in the City of Philadelphia, having acquired title thereto on June 5, 1923, with a frontage of sixteen feet on Fifteenth Street and extending sixty-four feet along Sansom Street; that the City of Philadelphia, by ordinance duly enacted on July 7, 1926, provided for the revising of the lines and grades of Sansom Street, and streets intersecting therewith, from Broad Street to Twenty-second Street, so as to make Sansom Street of a width of fifty-three feet by widening it thirteen feet on the south side; and providing, further, that after the confirmation and establishment of said lines it should not be lawful for any owner, tenant or builder to erect any new building or buildings on the south side of Sansom Street between Broad and Twenty-second Streets, or to rebuild or alter any building or buildings now erected on the south side of said Sansom Street, between the said streets, without providing for such building or buildings to recede so as to conform to the lines established for the width of fifty-three feet and for arcading said building or buildings so that the fronts thereof above the arcade shall extend thirteen feet northward from the south building line of said street as by the ordinance authorized and directed to be established. The said arcading is to have a clear head-room of at least sixteen feet over and above the curb elevation, etc.; that, on Oct. 18, 1926, the line of said Sansom Street, between Broad Street and Twenty-second Street, was revised by the duly constituted authorities of the City of Philadelphia in conformity with the provisions of said ordinance; that the said property of petitioner has erected thereon an old residential building, now converted and used for business purposes; that

the widening of said Sansom Street will take thirteen feet of its Sansom Street depth, leaving the petitioner only three feet on the first or ground floor, part of which is a party-wall, so that there will only be remaining a depth of approximately two and one-half feet available for improvement on the first or ground floor or for access to the upper floors of any building to be erected upon said premises; that the present building on said premises is unprofitable and that the carrying charges greatly exceeded the income for the years 1924, 1925, 1926 and 1927; that in May, 1927, the petitioner had prepared plans and specifications for the erection of a new six-story building on said premises, with provision for stores on the first floor and offices on the upper stories; that on June 17, 1927, petitioner applied to the Bureau of Building Inspection of the City of Philadelphia for a permit for the erection of the building according to said plans and specifications, which permit was refused on Aug. 14, 1927, because said plans were not in conformity with the Ordinance of July 7, 1926.

The petitioner claims that, under section 8, article XVI of the Constitution of Pennsylvania, and acts of assembly in pursuance thereof, he is entitled to have his damages assessed at this time and before any taking of actual possession by the city or any passage of an ordinance providing for the formal widening of said Sansom Street.

The answer of the City of Philadelphia admits most of the material averments of the petition, but denies any taking of or injury to petitioner's property, and asks that the petition be dismissed.

The City of Philadelphia admittedly has not yet passed any ordinance providing for the widening of Sansom Street or the taking of petitioner's property, and while admitting the rule of law to be that in the taking of or injury to private property by a municipality the time for the assessment of damages accrues when the ordinance to open, take the property or increase the width of the street is formally passed, the petitioner contends that he is within the exceptions to this general rule, in which it has been held by our courts that the appropriation may be complete or the injury may be suffered and damages may be assessed prior to the passing of such formal ordinance.

In Philadelphia Parkway, 250 Pa. 257, referring to and citing with approval the earlier cases, among which are District of the City of Pittsburgh, 2 W. & S. 320; Forbes Street, 70 Pa. 125; Whitaker v. Phœnixville Borough, 141 Pa. 327; Plan 166, 143 Pa. 414; Bush v. McKeesport, 166 Pa. 57; South Twelfth Street, 217 Pa. 362, holding "that the mere plotting of a street upon the city plan, without anything more, does not constitute a taking of land in the constitutional sense so as to give an abutting owner the right to have damages assessed, the theory being that the marking of a new street upon the city plan is nothing more than an expression of intention to take the land when occasion arises for opening the projected street as a public highway," it was noted (in the Parkway case) that ten years having passed since the beginning of the undertaking without an ordinance to open, during which time some lands were condemned along the Parkway, properties were purchased in other cases, improvements were made and work done on parts of the boulevard at a cost of $5,000,000, which were unequivocal acts upon the part of the city indicating an intention to open and complete the Parkway, the right of the property owners to have their damages assessed had ripened. These acts of the city, together with the fact that the whole parkway must be regarded as one entire improvement, led the court to conclude that the appropriation was complete and the property owner was entitled to his damages. While there is some suggestion in this decision

that the general rule applied especially to the plotting of streets through unimproved land, it was pointed out that there was no disposition on the part of the Supreme Court to depart from the well-established rule: "As to ordinary cases relating to laying out, opening, widening, extending and grading streets, lanes and alleys, the settled rule relied on by the city as to the time of the taking and as to when the trespass, if any, was committed, still remains in full force and effect." It was pointed out that exceptions to the general rule are recognized in Volkmar Street, Philadelphia, 124 Pa. 320, and Whitaker v. Phœnixville Borough, 141 Pa. 327.

In the earlier case of Philadelphia v. Linnard, 97 Pa. 242, an act of assembly provided for the widening of the south side of Chestnut Street in Philadelphia; there was no actual taking at the time of assessing the damages, but it was held that when the land owner had torn down her old building and was preparing to erect a new one in conformity with the street as widened by the act "the city took part of the land for public use and is liable to make compensation to the owner;" and in In re Chestnut Street, 118 Pa. 593, under an ordinance passed in 1884, authorizing the revision of the city plans by making Chestnut Street of a width of sixty feet and providing that "after the confirmation and establishment of said line, it shall not be lawful for any owner or builder to erect any new building or to build or alter the front of any building now erected without making it recede so as to conform to the lines established for the width of sixty feet," the owners rebuilt in conformity with the new law and asked for viewers to assess damages. Held, that "the plotting of the street upon the city plan so as to conform to the new line interferes with no one in the use and enjoyment of his property until he comes to rebuild. . . . When the property owner does so rebuild, he must recede five feet. It is then that he is injured, if injured at all, and it is then that his land is taken for public use and he is entitled to have a jury assess the damages." City v. Linnard, supra, was approved in this case.

Under these authorities, our conclusion is that the mere change of the lines of the streets so as to provide for the future incorporation therein of some of the property along said street is not an appropriation, taking or injury so as to entitle the land owner to damages, without some further action upon the part of the city or upon the part of the land owner. The city may formally provide for the making of the proposed improvement by the widening of the street and the taking of private property, in which event the owner's right to damages accrues, or the city may by some unequivocal act hasten the time for the assessment of damages where the whole improvement is considered as one undertaking and the municipality acquires title to a part of the land covered by the improvement and condemns other portions and starts making the improvement. Thus can the damages along the whole of the proposed improvement accrue and become assessable; or the owner himself may advance the time when his damages may be assessed by some unequivocal act or by acceptance of the act of the city, such as tearing down the property upon the land proposed to be taken by the municipality and the improvement of the remaining portion of his land in conformity with the proposed appropriation by the municipality, as was done along Chestnut Street at the time of its being widened.

The petitioner contends that in the preparing of the plans for the new six-story structure upon his property he has advanced the time for the assessment of his damages, but the error in this position lies in the fact that his action is not an acceptance of the act of the city by the proposal to

erect in conformity with the proposed widening of Sansom Street, but is in direct contravention of the ordinance and the proposed appropriation by the city. His action is clearly distinguishable from Philadelphia v. Linnard and In re Chestnut Street, supra, in which the owners improved their property in conformity with the action of the city, and when they did this they relinquished a portion of their property which was in no way available for their own use.

The act of petitioner in preparing plans and specifications for a six-story structure, including stores on the ground floor, is not a relinquishment to the city of the portion of his land which it proposes some day to take for the widening of Sansom Street. In view of the mandate of the ordinance prohibiting the erection of buildings excepting in conformity thereto, as well as the Act of Dec. 27, 1871, § 3, P. L. (1872) 1390, providing that buildings shall not be erected within the lines of a plotted street, and if they are, such buildings shall be removed at the expense of the owner without any damages being paid therefor upon the street being opened, a building erected in accordance with the proposed plans would have to be torn down without recompense therefor.

The court being of the opinion that petitioner is not entitled to have damages assessed at this time:

Now, to wit, Feb. 9, 1928, the prayer of petitioner is refused and the petition dismissed.