THE CITY OF MIAMI BEACH, Appellant, v. OCEAN & INLAND COMPANY, Appellee.

200 So. 402
Special Division A
Opinion Filed February 14, 1941

*J. Harvey Robillard* and *V. B. Rutherford,* for Appellant;
*E. L. Lockhart,* for Appellee.

PER CURIAM.—Appellant has disregarded Rule 34 of this Court which became effective May 1, 1939. But, as no timely motion was filed here to dismiss the cause brought here by appeal, and without observance of the said Rule, we have considered the question presented and will give judgment.

Appellee filed bill of complaint seeking to enjoin the enforcement of a zoning ordinance as to certain described property.

Appellee filed motion to dismiss and motion for compulsory amendment in two particulars and for reasons stated as follows:

1. "To amend the bill of complaint so as to show the date upon which the plaintiff acquired the property involved in this cause, on the following grounds:

"(a) That the defendant is entitled to know at what

time the plaintiff acquired the property described in the bill of complaint so as to prepare its answer to said bill.

"(b)   So as to show whether or not the plaintiff acquired its property at a time when the plaintiff had actual or constructive knowledge of the restrictive measures of the defendant's zoning ordinance complained of in said bill.

"2.   By attaching to said bill of complaint copies of the deeds by which the plaintiff acquired title to said properties described in the bill of complaint, upon the following grounds:

"(a)   That the court and the defendant are entitled to have the said deeds before them in consideration of this cause.

"(b)   Upon the grounds that the said deeds, as a matter of law, would show whether or not plaintiff took title to the property subject to the restrictions of the defendant's zoning ordinance.

"(c)   Upon the grounds that in order to enable the defendant to properly plead in this matter, the deeds conveying the property involved in this cause should be made a part of the record in the bill of complaint so as to show to the defendant under what conditions and to what period of time the plaintiff took title to the property involved in this cause."

The bill of complaint was not without equity and, therefore, motion to dismiss was properly denied.

We find no merit in the contention that the chancellor committed error in denying motion to require compulsory amendment.

Complainant is not required to plead his evidence. Nor is a purchaser of property affected by a zoning ordinance precluded to challenge the validity of the ordinance.

The entire record discloses no reversible error. So the challenged order is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL and BUFORD, J. J., concur.