## DADE COUNTY v. BAR-ZAC, Inc., et al.
No. 70-15486.
Circuit Court, Dade County.
February 19, 1971.

Thomas C. Britton, County Attorney, for the petitioner.

Leon D. Black, Jr. and William G. Earle of Kelly, Black, Black & Kenny, Miami, for the defendants.

J. FRITZ GORDON, Circuit Judge.

This cause came on for hearing upon the motion to disregard "zoned right-of-way" in determining compensation, filed by the owners of parcels no. 46, 54, 65, 68, 71 and 72 in the above-styled cause, and the court having considered the memoranda filed by counsel and having heard argument of counsel, now renders its opinion and order.

The court is faced with the issue of whether the county's "zoned right-of-way" ordinance may be considered in determining compensation in a condemnation case.

These provisions were enacted in 1938 and amended through October 22, 1957. They are contained as part of the present Dade County Code. They are a body of regulations by which the county has established a right-of-way plan and designated the future minimum widths of streets and ways in the unincorporated areas of Dade County. By these provisions the owners of abutting properties are required to develop their properties to conform to the said zoned future street width rather than in conformity with their property line at the existing street right-of-way line. Thus, in platting, in obtaining approval of building, offstreet parking and driveway layout or plot plans, in obtaining building permits, in measuring building set-backs, etc., the area of private property lying between the official right-of-way line so zoned and the property line at the existing street right-of-way, must be excluded and not considered. It is not necessary to decide the constitutionality or validity of the Dade County "zoned right-of-way" provisions and this court expresses no opinion on those issues.

In the case at bar all the property being taken lies within a "zoned right-of-way." The Florida Supreme Court in City of Miami v. Romar, 58 So.2d 849 (1952), the Pennsylvania Supreme Court in In re South Twelfth Street in City of Allentown, 66 A. 568 (Sup. Ct. Pa. 1907), and Hermann v. No. Pennsylvania R. Co., 113 A. 828 (Sup. Ct. Pa. 1921), and this circuit in Dade

County v. Carr-Well Estates, Inc., 32 Fla. Supp. 144 (1969), have all considered the question before this court and have ruled adversely to the contentions of the county. These cases control the issue presented here and lead the court to its conclusion.

What Dade County did in 1938 by passing the "zoned right-of-way" ordinance was to express an intention to take the land by the power of eminent domain when an occasion for the widening of any street subject to the ordinance arose. In essence, the ordinance is the first step in eminent domain proceedings. Over 30 years have now passed since the expression of that intent. The county argues that if the ordinance has virtually denied to the owner the privilege of building on his land, the land's value has been greatly reduced and, therefore, the appraisers should be allowed to consider this. The court thinks it is significant that it is not the owner who is responsible for any reduction in value but rather it is the county, by reason of the passing of the ordinance, which is responsible. The county contends that now when it seeks the fruition of the objects of its 1938 "zoned right-of-way" ordinance by the actual taking of some of the property which is the subject of that ordinance and this suit, it should be allowed to acquire the land by paying the owners that amount representing the minimal value the county has left in the land. As the Supreme Court of Pennsylvania said in *In re South Twelfth Street,* supra, "this is simply asserting the right of confiscation in a modified form, only feebly disguised."

Additionally, and as an alternative ground for this ruling, in Cook v. Di Domenico, 135 So.2d 245 (1962), the Third District Court of Appeal considered Dade County's zoned "right of way" ordinance. In that case the owner of the property secured a mandamus forcing Dade County to grant a building permit for the construction of structures in the area of the "zoned right-of-way" without obtaining a variance and without being obligated to remove the structures at his own expense when the road was widened. The Third District in rejecting the "zoned right-of-way" ordinance restrictions said —

> "Surely there is a limit to the period one can be deprived of lawful use of his property unless he shall agree to waive compensation for any improvements if and when taken for a highway. Here nine years have elapsed and no end of inaction was in sight."

In the case before this court the ordinance has applied to this property since 1938, a period of 33 years. So, even if in some instances any depressing effect upon the value of a piece of property of Dade County's "zoned right-of-way" ordinance could be considered, which this court does not believe to be the case, the Third District

Court of Appeal has set an outside limit of nine years in which any restrictions arising from the ordinance may be applied or considered.

The petitioner has cited to the court Mayer v. Dade County, 82 So.2d 513 (1965); Gorieb v. Fox, 274 U.S. 603, 47 Sup. Ct. 675, 71 L.Ed. 1228; Stubblefield v. Dade County, 137 So.2d 607 (3d Dist. Fla. 1962); and Swift & Co. v. Housing Authority of Plant City, 106 So.2d 616 (2d Dist. Fla. 1968). These cases are not controlling of the issue before this court.

Accordingly, it is ordered and adjudged that full compensation for the taking of the parcels in this case shall be determined as though the Dade County "zoned right-of-way" provisions had never been enacted and did not exist prior to or on the date of valuation in this cause. The expert real estate appraisers who will testify in this cause may testify to their opinion of the fair market value of the part taken and damages, if any, to the remainder as to each parcel, but their opinion must entirely disregard the "zoned right-of-way" provisions, and any limitations on the use of the properties involved herein, and the effect, if any, in diminishing the fair market value which may have been caused thereby or result therefrom prior to or on the date of valuation. No testimony or evidence shall be allowed directly or indirectly before the jury concerning the "zoned right-of-way" provisions or their effect, if any, on the use or value of the properties involved in this cause.