### DADE COUNTY v. NUNLEY, et al.
No. 70-7443.

Circuit Court, Dade County.

March 3, 1971.

Thomas C. Britton, County Attorney, for the petitioner.

Leon D. Black, Jr. and William G. Earle of Kelly, Black, Black & Kenny, Miami, for the defendants.

HENRY L. BALABAN, Circuit Judge.

This is a condemnation proceeding brought by Dade County. The county is taking land along N.W. 20th Street in Miami to widen the street to four lanes and put in gutters, storm drains and sidewalks.

Some of the land owners have made a motion that the "right-of-way" or "Base Building Lines" ordinance of the city of Miami be disregarded in determining "full compensation." That ordinance establishes street right-of-way widths for all streets in Miami. It provides that no building or structure can be built or project beyond the base building lines established by the city. The property being taken lies within an area adjacent to N.W. 20th Street subject to this ordinance. The question presented is whether the appraisers may consider the effect of this ordinance on the value of the land being taken. It is the judgment of this court that they may not.

*In limine,* the court observes that the owners are not leveling a general attack on the validity of the city's "right-of-way" or "Base Building Lines" ordinance; they are merely questioning the application of its restrictions to their property as a limitation on evidence as to the value of the property. They have a right to do this. Board of Commr's of State Inst. v. Tallahassee Bank & Trust Co., 108 So. 2d 74 (Fla. 1st Dist. 1958). The case of Mayer v. Dade County, 82 So.2d 513 (Fla. 1965), relied on by the county therefore is of no help in deciding this case for it merely held constitutional an enactment relating to minimum right-of-way widths or setbacks from arterial highways or roads. The case was not a condemnation proceeding and did not involve any evidentiary question relating to value. It is noteworthy, however, that the court there held that the owner in measuring his front yard building setback should be allowed to measure it from his actual property line and not from the imaginary street boundary established by the ordinance in anticipation of future widening of the street. *Mayer* at 519. Likewise, the county relies on Gorieb v. Fox, 274 U.S. 603, 47 Sup. Ct. 675, 71 L.Ed. 1228, but again that decision dealt only

with the constitutionality of a setback ordinance and did not deal with eminent domain valuation.

In the same vein the county relies on City of Miami v. Romer, 58 So.2d 849 (Fla. 1952), which once again dealt with the constitutionality under the police power of establishing a setback ordinance. That decision established that the fact that town officials might have had in mind an eventual widening of a roadway when they passed a setback ordinance did not constitute a taking of the property. What the county fails to point out in its memorandum is that upon the second appearance of this case before the Supreme Court the court significantly added that the payment of compensation "must await the actual taking." City of Miami v. Romer, 73 So.2d 285 (Fla. 1954). It is also significant that Romer relied on a Pennsylvania decision for its holding. As set forth in the *Bar-Zac* and *Carr-Well* opinions, infra, the Pennsylvania courts have considered the issue presented here in depth and have resoundingly rejected the county's contention. See Hermann v. No. Pennsylvania R. Co., 113 A. 828 (Pa. 1921) and In re South Twelfth Street in City of Allentown, 68 A. 568 (Pa. 1907).

The issue presented for decision has been exhaustively treated by two other judges of this circuit within the past two years and each has decided in accord with the court's decision today. See Dade County v. Carr-Well Estates, Inc., 32 Fla. Supp. 144 (Fla. 11 Cir. 1969) and Dade County v. Bar-Zac, Inc., (Fla. 11 Cir. Feb. 19, 1971) [The preceding reported case.] This court agrees with the reasoning set forth in those lengthy opinions and will attempt to supplement them without repeating them.

A reading of the *Bar-Zac* opinion reveals that the county has presented no authorities to this court that it did not present to Judge Gordon. In addition to *Mayer* and *Gorieb,* supra, the county relies quite heavily on Stubblefield v. Dade County, 37 So.2d 607 (3d Dist. Fla. 1962). In that case evidence was permitted to go to the jury showing a diminished value of the land resulting from a setback ordinance. The court in a short per curiam opinion stated —

"We have examined the record and given consideration to the several questions briefed and urged by appellants as a basis for reversal, and find them to be without merit." *Stubblefield* at 607, 608.

The court gave no reasoning for its opinion. This court, however, in an examination of the briefs filed in the *Stubblefield* case has discovered that (1) the owners did not make a pre-trial motion to disregard the ordinance, and (2) they did not object to the intro-

duction of the testimony of appraisers who stated they considered the right-of-way ordinance, but rather waited until the close of the county's case and then moved to strike the county appraisers' testimony, and (3) the right-of-way ordinance was put in evidence in that case by the owners and not by the county. It may be, therefore, that the court's decision in *Stubblefield* was based on procedural considerations. Suffice it to say that the lack of reasoning and the procedural problems of *Stubblefield* make its contribution to this court's decision minimal.

The county also urges Swift & Co. v. Housing Authority of Plant City, 106 So.2d 616 (1st Dist. Fla. 1958), as authority for its position. *Swift* deals with an entirely different type of zoning ordinance. It does not deal with a setback or right-of-way ordinance but rather an ordinance providing what type of use an owner may put his property to in a given zone, e.g., residential, commercial, etc. The owner contended that his property should be valued as a phosphate mine even though it was zoned for single family residential use. The court held that the owner should be able to present proof of value of the land resulting from its phosphate content. The case dealt with the concept of reasonable probability of rezoning and is factually and legally inapposite to the case at bar.

Additionally the county contends that "if the appraisers disregard the limitations of utility by valid zoning regulation, the appraisers then in effect falsely inflate the fair market value of the land." This contention overlooks the fact that if consideration of the ordinance lessens the value of the land it is the city and not the owner who is responsible for this reduction in value. This was considered in detail by Judge Gordon when he stated in *Bar-Zac,* supra —

> What Dade County did in 1938 by passing the "zoned right-of-way" ordinance was to express an intention to take the land by the power of eminent domain when an occasion for the widening of any street subject to the ordinance arose. In essence, the ordinance was the first step in eminent domain proceedings. Over 30 years have now passed since the expression of that intent. The county argues that if the ordinance has virtually denied to the owner the privilege of building on his land, the land's value has been greatly reduced and, therefore, the appraisers should be allowed to consider this. The court thinks it is significant that it is not the owner who is responsible for any reduction in value but rather it is the county, by reason of the passing of the ordinance, which is responsible. The county contends that now when it seeks the fruition of the objects of its 1938 "zoned right-of-way" ordinance by the actual taking of some of the property which is the subject of that ordinance and this suit, it should be allowed to acquire the land by paying the owners that amount representing the minimal value the county has left in the land. As the

Supreme Court of Pennsylvania said in *In re South Twelfth Street*, supra, "this is simply asserting the right of confiscation in a modified form, only feebly disguised."

The zoning power is a necessary power of municipalities and may be used to greatly benefit and advantage a city. But, as the county's position in the instant case indicates, it is a power which is subject to great abuse if it is to be used as a means to depress the values of property which a governmental body may upon some future occasion desire to condemn. This is not a valid application of a zoning ordinance. This court is certain that the ordinance in question was never intended as an artifice to avoid payment of just or full compensation and this court will not allow it to be utilized as one.

Under Florida decisions there is still another reason why the "right-of-way" ordinance should not be considered by the appraisers in this case. In essence, the ordinance is a first and integral step in a program of accomplishing future widening of streets in the city of Miami. At the moment the ordinance is passed, therefore, the land within the boundaries of the ordinance is under a threat of condemnation. Since State Road Dept. v. Chicone, 148 So.2d 532 (Fla. 2d Dist. 1962), any lessening in the value of the property caused by the "threat of condemnation" must be disregarded in determining full compensation.

Accordingly, it is the ruling of this court that the city of Miami's "Base Building Lines" ordinance in no wise be considered directly or indirectly in determining the full compensation to be awarded the land owners in this case. Neither the ordinance's effect on value, if any, nor its restrictions of use of any property may be considered.