DADE COUNTY v. SWETLAND, et al.

No. 76-22933 40.

Circuit Court, Dade County.

May 10, 1977.

Stuart L. Simon, County Attorney, Murray A. Greenberg and R. A. Cuevas, Assistant County Attorneys, for the petitioner.

Leon D. Black, Jr. of Kelly, Black, Black & Kenny, Miami, and Alan T. Dimond, Miami, for the defendants.

ARDEN M. SIEGENDORF, Circuit Judge.

This cause came on to be heard upon the motion of certain of the defendants to disregard the "zoned right-of-way" in determining compensation and to exclude evidence relating thereto. The petitioner, Dade County, has asked the court to hear testimony concerning the meaning and provisions of the ordinance but the court is of the opinion that determination of the application of the ordinance is a matter of law and so rules. The court has given the county the right to proffer its evidence into the record but has not considered said proffer in connection with the decision on this motion. The court has considered argument of counsel and previous decisions of this court on the identical provisions of this ordinance.

It is therefore ordered and adjudged that full compensation for the taking of the parcels in this case shall be determined as though the Dade County "zoned right-of-way" provisions had never been enacted and did not exist prior to or on the date of valuation in this cause. The expert real estate appraisers who will testify in this cause may testify to their opinion of the fair market value of the part taken and damages, if any, to the remainder as to each parcel, but their opinion must entirely disregard the "zoned right-of-way" provisions, and any limitations on the use of the properties invloved herein, and the effect, if any, in diminishing the fair market value which may have been caused thereby or result therefrom prior to or on the date of valuation. No testimony or evidence shall be allowed directly or indirectly before the jury concerning the "zoned right-of-way" provisions or their effect, if any, on the use or value of the properties involved in this cause. The court relies on and adopts the reasoning of other circuit judges as expressed in the cases of *Dade County v. Carr-Well Estates, Inc.,* 32 Fla. Supp. 144 (1969), *Dade County v. Bar-Zac, Inc.,* 35 Fla. Supp. 122 (1971), and *Dade County v. Nunley,* 35 Fla. Supp. 125 (1971).