*In Re*: ADVISORY OPINION TO THE GOVERNOR.

DEAR SIR—Pursuant to Sec. 13 of Art. IV of the Constitution, this Court is in receipt of your communication of the 24th instant requesting that you be advised whether or not under the terms of Sec. 15 of Art. IV and Sec. 3 of Art. XII of the Constitution the power to suspend members of Boards of Public Instruction in this State is vested in the Governor or in the State Board of Education or may such power be exercised jointly by the Governor and the State Board of Education.

The pertinent part to your inquiry of Sec. 15 of Art. IV and Sec. 3 of Art. XII of the Constitution is as follows:

Sec. 15. Art. IV. All officers that shall have been appointed or elected, and that are not liable to impeachment, may be suspended from office by the Governor for malfeasance, or misfeasance, or neglect of duty in office, for the commission of any felony, or for drunkenness or incompetency, and the cause of suspension shall be communicated to the officer suspended and to the Senate at its next session. And the Governor, by and with the consent of the Senate, may remove any officer, not liable to impeachment, for any cause above named.

Sec. 3. Art. XII. The Governor, Secretary of State, Attorney General, State Treasurer and State Superintendent of Public Instruction shall constitute a body corporate, to be known as the State Board of Education of Florida, of which the Governor shall be President, and the Superintendent of Public Instruction Secretary. This board shall have power to remove any

subordinate school officer for cause upon notice to the incumbent.

An inspection of Sec. 15 of Art. IV as above quoted discloses that the responsibility for suspending all officers that are appointed or elected (and that are not subject to impeachment) for malfeasance, misfeasance, or neglect of duty in office, the commission of any crime or for drunkenness or incompetency is vested in the Governor. Members of the County Boards of Public Instruction in this State are statutory elective officers (Sec. 252, Comp. Gen. Laws of Florida, 1927, being Sec. 217, Rev. Gen. Stats.), and are covered by this provision of the Constitution.

The term "subordinate school officer" as used in Sec. 3 of Art. XII of the Constitution has no reference to constitutional or statutory officers appointed by the Governor or elected by the people. It was doubtless intended to apply to so-called school officers designated by the County or State Board of Education, such as supervisors and attendance officers.

Both Sec. 15 of Art. IV and Sec. 3 of Art. XII were submitted and adopted simultaneously and in the terms in which they are now clothed. This being the case we must assume that each provision was approved with due knowledge of its effect and influence on the other. The interpretation here enunciated finds for both provisions a reasonable field of operation and we think must be the reasonable and proper one.

We are, therefore, of the opinion that the power to suspend members of the Board of Public Instruction in any county in this State for the causes enumerated in Sec. 15 of Art. IV of the Constitution is exclusively an executive function, that the State Board of Education has no au-

thority in the premises, nor can such authority be exercised jointly by the Governor and the State Board of Education.
Respectfully,

> GLENN TERRELL,
> J. B. WHITFIELD,
> W. H. ELLIS (Dissents)
> LOUIE W. STRUM,
> ARMSTEAD BROWN,
> RIVERS BUFORD,

GT :LH Justices of Supreme Court of Florida.