## ADVISORY OPINION TO GOVERNOR

19 So. (2nd) 198                                    June Term, 1944
August 25, 1944                                              En Banc

SUPREME COURT OF FLORIDA
RIVERS BUFORD, Chief Justice
Tallahassee
August 9, 1944

Division A
Justices
Glenn Terrell
Roy H. Chapman
Alto Adams
Guyte P. McCord, Clerk

Division B
Justices
Armstead Brown
Elwyn Thomas
Harold L. Sebring
R. S. Williams, Marshal

Honorable Spessard L. Holland
Governor of Florida
Tallahassee, Florida

Sir:

We are in receipt of your request of August 8, 1944, for the advisory opinion of this Court affecting your executive powers and duties as authorized by Section 13, Article IV, of the Constitution, the pertinent part of which relates to a vacancy on the Board of Public Instruction of Broward County and is as follows:

"The office of Member of the Board of Public Instruction for District No. 3, Broward County, Florida, has become vacant by reason of my having accepted a resignation tendered by the incumbent, who had been duly elected, qualified and commissioned for a term of four years, expiring on the first Tuesday after the first Monday in January, 1947.

"I therefore, request your opinion as to whether the appointment to fill this vacancy shall be for the unexpired term of the incumbent, as provided in Article IV, Section 7 of the Constitution of Florida, or whether the appointment to fill the vacancy shall be until the ensuing General Election, as provided in Article XVIII, Section 6 of the Constitution of Florida."

You are advised that members of county boards of public instruction are statutory elective officers. In Re: Advisory Opinion to the Governor, 97 Fla. 705, 122 So. 7. County boards of public instruction are now created by Section

230.04, et seq., Florida Statutes 1941; their nomination and election is provided for by Section 230.08, et seq., Florida Statutes, 1941, and vacancies therein are filled by the Governor as provided by Section 230.19, Florida Statutes, 1941.

Read in conjunction these statutes provide a complete scheme for nominating, electing, and filling vacancies in county boards of public instruction. It was competent for the Legislature to so provide and when read together there is no escape from this conclusion. After the election in 1942 all terms for membership on said boards are for four years and all vacancies should be filled by appointment by the Governor for the balance of the unexpired term. Your appointment to fill the vacancy referred to should accordingly run to the first Monday in January, 1947.

Section 6 of Article XVIII of the Constitution has no application because it is limited to vacancies in constitutional offices, the instant office being statutory. Section 7 of Article IV of the Constitution is not controlling because it is limited to cases in which the Constitution nor the statute provide a means for filling vacancies. In this case by coincident, the statute as interpreted provides the same means as the Constitution if there had been no statute relating to the filling of such vacancies.

Respectfully yours,
RIVERS BUFORD
  Chief Justice
GLENN TERRELL
ARMSTEAD BROWN
R. H. CHAPMAN
ALTO ADAMS
  Justices