**THOMAS H. SHAD v. TED DeWITT, et al.**

27 So. (2nd) 517                                    June Term, 1946
October 11, 1946                                         En Banc

*Freeman, Richardson & Watson,* for appellant.

*J. Henry Blount* for Board of County Commissioners for Duval County, *Fleming, Jones, Scott & Botts* and *Charles R. Scott,* for Civil Service Board for Duval County, appellee.

*Austin Miller* and *Harry Fozzard* for Aaron H. Brown, et al., intervenors.

THOMAS, J.:

The appellant, described in his bill in the chancery court as a citizen, resident, and taxpayer of Duval County, sought to enjoin the Superintendent of Public Instruction and the members of the Board of Public Instruction, the Board of County Commissioners, and the Civil Service Board from expending public moneys in the administration of Chapter 22263, Laws of Florida, Special Acts of 1943, establishing a civil service system for the employees of the county and creating the Civil Service Board. For eleven reasons, so it was alleged, the act offended against various provisions of the Constitution. The chancellor found that the act "as a whole" did not "clearly violate the provisions of the Constitution"; so he dismissed the bill. Thereupon appeal was taken to this court.

The appellant has grouped the supposed flaws into six questions, thereby requesting us to test the validity of the act in the light of Article II, Sections 16, 20, and 21 of Article III, Sections 1 and 12 of the Declaration or Rights, and Section 7 of Article XVI. It seems fitting at the outset to refer to the oft-recognized general principle that the legislature is presumed to have intended the enactment of a valid law State ex rel. Clarkson v. Philips, 70 Fla. 340, 70 So. 367, and the allied rules that the Constitution being a limitation of power, legislation will not be held invalid unless opposed to some express or implied prohibition of the organic law, Chapman v. Reddick, 41 Fla. 120, 25 So. 673, and that every reasonable doubt will be resolved in favor of the act attacked. Atlantic Coast Line

Railroad Company v. Coachman, 59 Fla. 130, 52 So. 377. The rules of construction in testing constitutionality of acts have lately been assembled in the case of Ball v. Branch, 154 Fla. 57, 16 So. (2nd) 524.

We shall not pause to remark upon the virtues of the civil service plan, our views on the subject being already well known, but without further ado we shall proceed to the determination of the controverted points in the order we have listed them.

It is charged by appellant that the act is invalid because in it an attempt was made to delegate legislative and judicial functions and powers to the Civil Service Board and its secretary, contrary to the inhibitions of Article II. The act is not found to be so infected when it is measured by the rule announced by this court in Arnold et al. v. Culbreath et al., 140 Fla. 610, 190 So. 543, and reiterated in Hutchins et al. v. Mayo, 143 Fla. 707, 197 So. 495, 133 A.L.R. 394. If the Legislature defines a pattern to which rules and regulations must conform, then the provisions empowering the adoption of those rules and regulations to effectuate the general purpose of the act cannot be said to amount to an unlawful delegation of power. It is plain to us from a study of the act in question that it does contain a definite pattern and that, therefore, the provision (in Section 4) granting to the Civil Service Board "the power: (a) To adopt and amend rules and regulations for the administration of [the] Act" amounted to nothing more than placing in the hands of the administrative board the authority to promulgate such rules and regulations as would enable it to accomplish the legislative purpose.

We reach now the challenge to the title. Appellant insists that it does not comport with the requirements of Section 16 of Article III, and he predicates his position upon the presence in the body of the act of two provisions which he contends would not even have been suggested to any person reading the title to acquaint himself with the contents. One of these denounces certain violations of the provisions of the act as misdemeanors; the other relates to attachment proceedings against persons disobeying subpoenas to testify in investigations conducted by the Civil Service Board. To uphold him in

the contention that he should prevail on this score it would be necessary to find (1) that the portions of the act under attack "injuriously affected" his rights or (2) that they rendered invalid a part of the act which did affect his rights or (3) that the provisions about which he complained rendered the entire act void. State ex rel. Clarkson v. Philips, supra; Stinson v. State, 63 Fla. 42, 58 So. 722. Obviously the first two factors could not obtain because, as we said in the beginning, he has described himself only as a citizen, resident, and taxpayer and claims no interest in any other capacity. It is not even pretended that the appellant has run afoul of these provisions or is in any wise presently affected by them. The third could not apply because even were the two provisions invalid the remainder of the law, by its very terms, would be operative. Further development of this point would, then, constitute nothing more than an academic exploration. The third factor, we apprehend, was in the mind of the chancellor when he decided that the law "as a whole" was not unconstitutional.

Section 20 and 21 of Article III are said to have been transgressed because regulation of county officers by local law was attempted. We agree with the appellees that an answer contrary to appellant's position may be found in our opinion in State ex rel. Glover v. Holbrook, 129 Fla. 241, 176 So. 99. Here, as there, we decide that the effect upon the jurisdiction and duties of the county officers is only incidental to the design of the act; hence it cannot be successfully contended that these provisions of the Constitution have been violated.

Appellant insists that Section 1 of the Declaration of Rights of the Florida Constitution has been contravened because equal protection is not afforded by the act to persons falling within the unclassified service and those holding positions in the classified service. The distinction, he claims, is arbitrary and results in discrimination against those in the former category. There is hardly any need for us to elaborate on the guaranty of equality contained in this section of the Declaration of Rights. We are at a loss to comprehend how any violation of it arises from the classification made by the Legislature in the act. It is not arbitrary in the sense that it

was made without consideration to principles, circumstances, or reason. It is obvious to us that there was good cause to place in the unclassified service "officers elected by the public or appointed by the Governor," members of boards and commissions, attorneys, and others in positions requiring technical or scientific training. From our examination of the authorities dealing with the general subject it seems to be usual to exclude elective and appointive officers and technicians from the operation of civil service statutes. It seems to us that it was within the power of the legislature to make the classification appearing in this act, and appellant has not convinced us that in doing so the lawmaking body violated the provisions of the organic law.

We have studied the act in the light of Section 12 of the Declaration of Rights providing that no person shall be deprived of life or property without due process of law, and here, too, we have found no conflict, or even inconsistency. This point may be dismissed without further comment in view of what we have already written.

The only remaining question is the one which deals with Section 7 of Article XVI of the Constitution. Appellant seeks to invoke the inhibition against the creation by the Legislature of an office for a period longer than four years, basing his case on certain references to "officers" and "offices" in that part of the law dealing with classified service. When the general plan is borne in mind and persons holding the positions defined as "unclassified" are eliminated it is plain that persons serving the county in the remaining places were not intended by the legislature to include anyone exercising a part of the sovereign authority of the state, hence occupying a post of such dignity as to fall within the meaning of this section of the Constitution. We are confirmed in this view by the phraseology of the title of the act, which specifically describes it as one providing civil service for *employees*. From this and from the provision for the exclusion of certain officers and others performing technical service and the like, making the act operative only on the remainder, we are convinced that there was no intention on the part of the Legislature for the law to affect officers in the true sense of that word. In any event,

should it eventually develop that one exercising the prerogatives or performing the duties of the character rendering him an officer, as that word has been defined by this court in construing the Constitution, the matter of the efficacy of the act in the particular instance may then be litigated and decided.

Again, in connection with the last three propositions, we observe that the appellant evidently is not an officer or an employee or a candidate or applicant for any position with the County of Duval.

We arrive at the conclusion that the appellant should not prevail; so the decree of the chancellor is—

Affirmed.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, ADAMS and SEBRING, JJ., concur.