63 So.2d 508 (1953)
MIKELL et al.
v.
HENDERSON, Sheriff.
Supreme Court of Florida, Division A.
February 27, 1953.
Leonard P. Cardone, Miami, for appellants.
Richard W. Ervin, Atty. Gen, William A. O'Bryan, Asst. Atty. Gen., and DeCostas, Maer & Floyd, Miami, for appellee.
MATHEWS, Justice.
This case involves plain rooster fighting and cock fighting.
It is contended by the appellee that such fighting is cruelty to animals and is condemned by Sections 828.12 and 828.02, F.S.A.
The bill of complaint alleged that the appellants were engaged in the business of raising and training game cocks for sale and in improving the breed of such game cocks. It is further alleged in the bill of complaint that in order to properly raise and train game cocks and to improve the breed, it is necessary to eliminate the weaker cocks and that such elimination is accomplished by fighting game cocks against one another to determine the stronger bird, and which bird will be selected to propagate the species.
The appellants allege that their business of raising, training, fighting and selling highly bred game cocks does not fall within the confines of Chapter 828, F.S.A., the same being the Cruelty to Children and Animals Statute, and if it does, that the same violates the 14th Amendment to the Constitution of the United States, and Section 1 of the Declaration of Rights of the State of Florida, F.S.A.
In the bill of complaint the appellants alleged that the Sheriff of Dade County had made an arrest of another breeder of cocks for violating the same law, and said person was tried and convicted under the Statute. They further alleged that the defendant (appellee) sheriff threatens to arrest appellants under the authority of the above mentioned statute unless appellants discontinue their business of breeding and training game cocks and of selecting the best birds through the process of combat.
The learned Chancellor entered a final decree to the effect that the bill of complaint was without equity and failed to state a cause of action. In said decree, among other things, the Chancellor said:
"The Court is of the further opinion in considering the constitutionality of the `Cruelty to Animal and Children' statutes, which was raised in the amended petition for declaratory decree, that said statutes aforementioned are constitutional. * * *"
In this case there is no question presented about artificial spurs or gambling on the result of the cock fights. Whatever fighting was done was without artificial *509 spurs and was not done in connection with any gambling activities.
The section of the statute involved is Section 828.12, F.S.A. which reads as follows:
"Whoever unnecessarily overloads, overdrives, tortures, torments, deprives of necessary sustenance or shelter, or unnecessarily or cruelly beats, mutilates or kills any animal, or causes the same to be done, or carries in or upon any vehicle, or otherwise, any animal in a cruel or inhuman manner, shall be punished by imprisonment not exceeding six months, or by fine not exceeding one hundred dollars, unless otherwise provided."
Necessarily involved in connection with Section 828.12, F.S.A. is Section 828.02, F.S.A., which is as follows:
"In this chapter, and in every law of the state relating to or in any way affecting animals, the word `animal' shall be held to include every living dumb creature; the words `torture,' `torment' and `cruelty' shall be held to include every act, omission or neglect whereby unnecessary or unjustifiable pain or suffering is caused, except when done in the interest of medical science, permitted or allowed to continue when there is reasonable remedy or relief; and the words `owner' and `person' shall be held to include corporations, and the knowledge and acts of agents and employees of corporations in regard to animals transported, owned, employed by or in the custody of a corporation, shall be held to be the knowledge and act of such corporation."
Section 828.15, F.S.A. is as follows:
"Nothing in §§ 828.12-828.14 shall be construed to apply to poultry shipped on steamboats or other crafts."
Everyone familiar with roosters, and particularly game roosters, knows that they need no encouragement to fight. It is not necessary that their tail feathers be pulled, or that any other inducement be offered, or stimulant applied, in order to produce a fight.
Under these sections of the statute a person engaged in breeding and training game cocks may spend considerable sums of money, as it is alleged was done in this case, for pens and runs for his chickens, but if he permits them to get together in the back yard, or in a pen, or a run, where a fight results, he is guilty of cruelty to animals and is subject to a fine or imprisonment. On the other hand, he may be able to rent or buy a steamboat, or other floating craft, on which to ship his roosters anywhere on the waters of Dade County and not be guilty of cruelty to animals because of any fight which might take place on the steamboat or other craft. There is no difference between the fighting of roosters on a steamboat, or other craft, and the fighting of roosters on land, in the back yard or in the chicken runs. The fighting is the same and the cruelty is the same. Under the statute one is a violation of the law and the other is not.
There is no reasonable basis for the classification of cock fighting on a steamboat, or other craft, and cock fighting on land or in the back yard. The discrimination is unreasonable and arbitrary and denies to the appellant equal protection of the law.
Reversed, with directions to set aside the declaratory decree heretofore entered, and for further proceedings by entering a decree in accordance with this opinion.
HOBSON, C.J., and TERRELL and SEBRING, JJ., concur.