354 So.2d 61 (1978)
Leon James ROLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 50971.
Supreme Court of Florida.
January 12, 1978.
*62 Steven M. Greenberg of Pertnoy & Greenberg, Miami, for appellant.
Richard E. Gerstein, States Atty., and George Volsky, Asst. States Atty., Miami, for appellee.
SUNDBERG, Justice.
Appellant has prosecuted an appeal in this Court following an order of the County Court for Dade County, Florida, Crimes Division, finding Section 849.06, Florida Statutes (1975), constitutional on its face and as applied to appellant. Jurisdiction is predicated on Article V, Section 3(b)(1), Florida Constitution.
On September 1, 1976, appellant was arrested at an establishment known as South Florida Billiards which he owns and operates. He was charged with a violation of Section 849.06, Florida Statutes (1975), which provides:
Regulation of age of persons frequenting or visiting places where billiards are played. 
(1) It is unlawful for any person, his servant or employee to permit anyone under the age of 21 years to visit or frequent or play in any billiard parlor in the state; provided, however, this shall not apply to any person on active duty in the Armed Services of the United States, or who has a written permit or card signed and notarized by his parent or guardian and filed in the establishment to which the permit or card is given by the parent or guardian of the minor involved, or a married minor, or when accompanied by parent or guardian. The said permit card shall be valid only in the establishment to which it is issued, and such permit card may be revoked at any time by the parent or guardian, or by the operator of said billiard parlor by returning the card to the parent or guardian, or by any law enforcement officer upon conviction of the party or parties of a crime. No written permit shall be valid in any establishment which sells or permits consumption on its premises of intoxicating or alcoholic beverages.
(2) Persons playing billiards in bona fide bowling establishments and persons frequenting such establishments are exempt from the provisions contained in subsection (1). For the purposes of this section a "bona fide bowling establishment" shall be one consisting of 12 lanes or more.
(3) The Division of Beverage of the Department of Business Regulation shall be responsible for developing and issuing the parental approval permit prescribed in subsection (1).
(4) Violation of this law shall be a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
On October 13, 1976, appellant filed a motion to dismiss, in which he argued that the statute is arbitrary and discriminatory upon its face and is violative of both due process and equal protection, in that it arbitrarily proscribes and punishes conduct which is not proscribed or punished for persons engaged in the same profession, business or activities at other locations. Specifically, he alleges that owners or employees of billiard parlors are subject to the proscriptions of the statute while owners or employees of bona fide bowling establishments are not. The motion was denied. Appellant then pleaded nolo contendere, specifically reserving his right to appeal the denial of his motion to dismiss. The court *63 adjudicated appellant guilty upon his plea and fined him $50.
Appellant now requests this Court to reverse the order of the trial judge and find Section 849.06, Florida Statutes (1975), unconstitutional on its face as a denial of his right to equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Constitution of the State of Florida. Cognizant as we are of the axiom of statutory construction that all doubts as to the validity of a statute are to be resolved in favor of its constitutionality when reasonably possible, Carter v. Sparkman, 335 So.2d 802 (Fla. 1976); Gammon v. Cobb, 335 So.2d 261 (Fla. 1976); State v. Aiuppa, 298 So.2d 391 (Fla. 1974), nevertheless, in the instant case, we must agree with appellant that the statute deprives him of equal protection.
In examining the constitutionality of Section 849.06, Florida Statutes (1975), we must inquire whether the classification made by the legislature in that statute is reasonable. Gammon v. Cobb, supra. For a statutory classification to satisfy the equal protection clauses found in our organic documents, it must rest on some difference that bears a just and reasonable relation to the statute in respect to which the classification is proposed. McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964); cf. Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920).
In the case sub judice, we find no such reasonable relation. There are no practical differences between billiards played in a billiard parlor and billiards played in a bowling alley sufficient to warrant a special classification, subjecting only appellant to arrest, fine or imprisonment for allowing minors to play billiards. See Georgia Southern & Florida Railway v. Seven-up Bottling Company, 175 So.2d 39 (Fla. 1965). We note that many bona fide bowling establishments also serve alcoholic beverages. There can be no rational basis for permitting a bowling alley containing pool tables and a cocktail lounge to admit minors without complying with the restrictions imposed by Section 849.06, Florida Statutes (1975), while subjecting a neighboring billiard parlor serving no alcoholic beverages to penalty. Assuming, arguendo, that billiard establishments do attract undesirable characters, thereby providing a deleterious atmosphere for minors, these undesirables are just as likely to frequent a bowling alley offering billiards as they are a billiard parlor, particularly where the bowling alley serves alcoholic beverages and the billiard parlor does not.
In Moore v. Thompson, 126 So.2d 543 (Fla. 1960), this Court examined the constitutionality of a Sunday closing law which was applicable only to used car dealers. In holding the statute unconstitutional, we stated:
We hold the "valid and substantial reason" [Henderson v. Antonacci, Fla., 62 So.2d 5, 9] yardstick has not been met which would allow the Legislature to make such a law operate only upon this certain class of business, rather than generally upon all. It is our conclusion that Chapter 59-295 Laws of Florida is unconstitutional and invalid.

Id. at 551.
If the legislature, through its police power, seeks to proscribe businesses from operating on Sunday, it must prohibit all businesses from operating on Sunday, unless there is some rational basis for classifying used car dealers differently.
In Mikell v. Henderson, 63 So.2d 508 (Fla. 1953), plaintiffs brought a declaratory judgment action, alleging that the business of raising, training, fighting, and selling highly bred gamecocks did not fall within the cruelty to animals statute. Alternatively, they alleged that if their activities were proscribed by the enactment, the law violated their constitutional right to equal protection. The plaintiffs were engaged in pitting gamecocks against one another to determine the stronger birds so that these birds could be selected to propagate the species. While the statute forbade the raising, training, and fighting of gamecocks, it *64 exempted those same activities from the proscription of the law if the activities were conducted on steamboats or other craft. This Court stated that:
Under these sections of the statute a person engaged in breeding and training game cocks may spend considerable sums of money, as it is alleged was done in this case, for pens and runs for his chickens, but if he permits them to get together in the back yard, or in a pen, or a run, where a fight results, he is guilty of cruelty to animals and is subject to a fine or imprisonment. On the other hand, he may be able to rent or buy a steamboat, or other floating craft, on which to ship his roosters anywhere on the waters of Dade County and not be guilty of cruelty to animals because of any fight which might take place on the steamboat or other craft. There is no difference between the fighting of roosters on a steamboat, or other craft, and the fighting of roosters on land, in the back yard or in the chicken runs. The fighting is the same and the cruelty is the same. Under the statute one is a violation of the law and the other is not.
There is no reasonable basis for the classification of cock fighting on a steamboat, or other craft, and cock fighting on land or in the back yard. The discrimination is unreasonable and arbitrary and denies to the appellant equal protection of the law.

Id. at 509.
Just as there is no difference between the fighting of roosters on a steamboat and the fighting of roosters on land, there is no rational distinction between playing billiards in a billiard parlor or shooting pool in a bowling alley.
Appellee, the State of Florida, suggests that the legislature has reasonably concluded that exposure to gambling is more apt to occur in billiard parlors than in bona fide bowling establishments. Such conclusion is indeterminate at best. This Court will not sustain legislative classifications based on judicial hypothesis, but must ascertain clearly enunciated purposes to justify the continued existence of the legislation. See McGinnis v. Royster, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973). Furthermore, this espoused intent on the part of the legislature is belied by the fact that under the statute all minors are not prohibited from entering billiard parlors. With written parental consent it is not unlawful to permit a minor to enter and play billiards. Is the legislature any less concerned about minors being exposed to gambling if their parents have consented? Certainly this rationale can not be ascribed to the legislature.
In view of the foregoing conclusions, we hold that Section 849.06, Florida Statutes (1975), is unconstitutional in contravention of Article I, Section 2 of the Florida Constitution and the Fourteenth Amendment to the Constitution of the United States. Accordingly, the order of the trial court is reversed.
It is so ordered.
ADKINS, Acting C.J., and BOYD, ENGLAND, HATCHETT and KARL, JJ., concur.