375 So.2d 852 (1979)
STATE of Florida, Appellant,
v.
William Glen CORMIER, Appellee.
No. 55418.
Supreme Court of Florida.
September 27, 1979.
*853 Jim Smith, Atty. Gen. and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellant.
Meredith J. Cohen, Orlando, for appellee.
ALDERMAN, Justice.
This cause is before us on direct appeal from a final order of the Circuit Court in and for Osceola County, holding section 810.09(1), Florida Statutes (1977), and section 810.011(6), Florida Statutes (1977), unconstitutional as applied to the appellee, William Cormier. The sole issue is whether section 810.09(1) and section 810.011(6) give a constitutionally sufficient warning that a criminal trespass can be committed by entering upon a privately-owned island completely surrounded by water where the island is not under cultivation or surrounded by actual fencing or "posted." We uphold the statutes and reverse the trial court.
Brahma Island is a privately-owned island completely surrounded by water and located in Lake Kissimmee in Osceola County. The State charged Cormier with armed trespass upon Brahma Island, contrary to section 810.09(2)(c), Florida Statutes (1977). Cormier's motion to dismiss the charge on the ground that section 810.09 and section 810.011 are unconstitutional as applied to him was granted.
Section 810.09 provides in pertinent part:
(1) Whoever, without being authorized, licensed, or invited willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.011, commits the offense of trespass on property other than a structure or conveyance.
.....
The relevant portions of section 810.011 provide:
.....
(4)(a) "Posted land" is that land upon which signs are placed not more than 500 feet apart along, and at each corner of, the boundaries of the land, upon which signs there appears prominently, in letters of not less than 2 inches in height, the words "no trespassing" and in addition thereto the name of the owner, lessee, or occupant of said land. Said signs shall be placed along the boundary line of posted land in a manner and in such position as to be clearly noticeable from outside of the boundary line.
(b) It shall not be necessary to give notice by posting on any enclosed land or place not exceeding 5 acres in area on which there is a dwelling house in order to obtain the benefits of ss. 810.09 and 810.12 pertaining to trespass on enclosed lands.
(5) "Cultivated land" is that land which has been cleared of its natural vegetation and is presently planted with a crop, orchard, grove, pasture, or trees or is fallow land as part of a crop rotation.
(6) "Fenced land" is that land which has been enclosed by a fence of substantial construction, whether with rails, logs, post and railing, iron, steel, barbed wire, other wire, or other material, which stands at least 3 feet in height. For the purpose of this chapter, it shall not be necessary to fence any boundary or part of a boundary of any land which is formed by water.

(7) Where lands are posted, cultivated, or fenced as described herein, then said lands, for the purpose of this chapter, shall be considered as enclosed and posted. (Emphasis supplied.)
Cormier alleges that Brahma Island was not posted, fenced, or under cultivation and that he received no actual communication against entering or remaining on the island. The thrust of his argument is that sections 810.09 and 810.011 do not clearly delineate whether a criminal trespass can be committed by entering upon a privately-owned island completely surrounded by water where there is no posting, cultivation, or fencing. Although recognizing that section 810.011(6) provides that it is not necessary to fence "any boundary or part of a boundary of any land which is formed by water," *854 Cormier argues that the statute is unconstitutionally vague and uncertain because it does not state that "fenced land" includes by definition an island or land completely surrounded by water.
The State argues that the definition of "fenced land" found in section 810.011(6) expressly states that land shall be considered "fenced" along any boundary which is formed by water even though there is no actual fence; that the common-sense interpretation of the language of section 810.011(6) is that where all boundaries are formed by water the land is considered "fenced" for purposes of charging trespass under section 810.09; and that this interpretation does not render section 810.09(1) and section 810.011(6) unconstitutionally vague or uncertain.
Legislative enactments are presumptively valid, and, when reasonably possible, all doubts as to the validity of a statute are to be resolved in favor of its constitutionality. State v. McDonald, 357 So.2d 405 (Fla. 1978); Rollins v. State, 354 So.2d 61 (Fla. 1978). Further, it is a basic axiom of statutory construction that words of common usage, when appearing in a statute, should be construed in their plain and ordinary sense. Tatzel v. State, 356 So.2d 787 (Fla. 1978).
For the purposes of charging criminal trespass under section 810.09(1), the legislature expressly provided that "any boundary or part of a boundary of any land which is formed by water" is to be considered "fenced." Giving effect to the plain language of the statute, we hold that an island, because all of its boundaries are formed by water, is "fenced" under section 810.011(6) for the purposes of charging trespass under section 810.09. The legislature is not required to expressly state that "fenced land" includes an island or land completely surrounded by water; such is the logical and reasonable conclusion of the language it used. We hold that section 810.09(1) and section 810.011(6) give a sufficiently definite warning of the proscribed conduct and are not unconstitutionally vague or uncertain.
Accordingly, the order of the trial judge is reversed and the cause remanded to the trial court for proceedings consistent herewith.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.