Mr. Richard R. Kallis Chief of Police City of Rockledge Police Department Post Office Box 488 Rockledge, Florida 32955
Attention: Lt. Dennis E. McCammon
Dear Chief Kallis:
You have requested an opinion as to whether or not the superior officer of a municipal police department may authorize and direct certified part-time officers to carry concealed firearms during off-duty hours under the provisions of Section 790.052(1), Florida Statutes. Your request poses three questions:
 (1) CAN F.S. 790.052(1) BE INTERPRETED USING THE DEFINITION OF LAW ENFORCEMENT OFFICER AS STATED IN F.S. 790.001(8)(a)?
 (2) IF THE ANSWER TO QUESTION #1 IS NO, IS THE UNARMED OFF-DUTY PART-TIME OFFICER EXPECTED TO PERFORM HIS LEGAL DUTY IF FACED WITH A SITUATION [WHERE A PERSON IS ENGAGED IN A CRIMINAL ACT AND IN A POSITION TO CAUSE AN UNARMED OFF-DUTY OFFICER OR OTHER CITIZENS PHYSICAL HARM]?
 (3) IF THE UNARMED OFF-DUTY PART-TIME OFFICER DOES NOT ATTEMPT TO PERFORM HIS LEGAL DUTY IF FACED WITH A SITUATION [AS DELINEATED IN QUESTION (2)] CAN HE, HIS SUPERVISORS, THE CHIEF OF POLICE, THE DEPARTMENT, AND THE CITY OF ROCKLEDGE BE HELD LIABLE FOR HIS INACTION?
Your second and third questions are not strictly questions of law, but questions of fact or mixed questions of law and facts, as well as questions of local legislative or administrative policy, which this office is not empowered to settle. Therefore, this response is confined to your first question.
While s 790.001(8)(a), F.S., defines a `(l)aw enforcement officer' to mean `(a)ll officers or employees of . . . any . . . municipality . . . who have authority to make arrests' and is broad enough to embrace part-time officers who have authority to make arrests and bring them within the scope of s 790.051
exempting such officers from the licensing and panel provisions of Ch. 790 when acting within the scope or course of their official duties or when acting at anytime in the line of or performance of duty, the term `law enforcement officer' is not employed in s790.052 but rather that section addresses and operates on `(a)ll full-time police officers.' Therefore, the definition in s790.001(8)(a) does not apply to s 790.052 and does not control your question.
Section 790.052(1), F.S., was brought into the statutes by Ch. 72-84, Laws of Florida. Both the title and the enacting provisions of the body of the act plainly, unequivocally and explicitly state that its provisions apply to and operate on full-time police officers. The statute does not provide any exceptions or make any provisions for any other class of officers. Rather, both the title and body of Ch. 72-84 limit the prescribed authority to carry concealed firearms to `full-time police officers.' An important function of the title of a statute is to define the scope of the law. County of Hillsborough v. Price, 149 So.2d 912 (Fla. 1963). Where a statute expressly mentions or enumerates the things on which it is to operate, it is ordinarily contrued as excluding from its operation those things not expressly mentioned. See, e.g. Thayer v. State, 335 So.2d 815 (Fla. 1976). This office cannot add anything to the statute, and in this instance, to extend the meaning of the terms of s 790.052 to include `part-time police officers' would be to extend the language of the statute to include a class of persons not referred to by the Legislature. Thus, when this statute specifies that `full-time police officers' may be authorized and directed to carry concealed firearms during off-duty hours by their superior officers, it precludes a superior officer authorizing and directing a `certified part-time police officer' to carry a concealed firearm during off-duty hours.
`Full-time' is not defined in Chapter 790, F.S., nor need it be. `Full-time' is not a phrase or word which is so technical in meaning that it requires any meaning be imparted to it other than its commonly understood meaning or term; moreover, words of common usage, when appearing in a statute, should be construed in their plain and ordinary sense. State v. Cormica, 375 So.2d 852 (Fla. 1979); Tatzel v. State, 356 So.2d 787 (Fla. 1978). Webster's New World Dictionary 1018 (2d ed. 1976) defines `full time' as:
 `The amount of time considered the normal or standard amount for working during a given period, as a day, week, or month.'
Your inquiry describes and qualifies eight of the officers in your command, who might be authorized and directed to carry concealed firearms while off-duty, as `certified part-time officers.' When you say `certified' you evidently refer to their certification as law enforcement officers under the provisions of Chapter 943, F.S., as that is the statutory authority for the certification of law enforcement officers. Both full-time and `part-time' law enforcement officers are defined in s 943.10, F.S. Section943.10(1) defines `(l)aw enforcement officer' to mean `any person who is elected, appointed, or employed full time by any municipality . . . .' A `(p)art-time law enforcement officer' is defined in s 943.10(5), F.S., to mean `any person employed or appointed less than full time, as defined by an employing agency . . .' (e.s.) and inasmuch as you designate the officers in question as `part-time' officers and they are certified as such, it must be assumed that your agency has determined to classify them as such because they are employed less than full-time or for that amount of time established as the standard amount for working as a full-time police officer.
It is, therefore my opinion, until and unless judicially or legislatively determined otherwise, that a `certified part-time' police officer cannot be authorized or directed by his superior officer to carry a concealed firearm during off-duty hours.
Sincerely,
Jim Smith, Attorney General
Prepared by: A. S. Johnston, Assistant Attorney General