STONE, Judge.
This is an appeal from a final order declaring constitutional a special act of the legislature providing for a non-partisan school board. The appellants are members of the Board of the Republican Executive Committee of Martin County.
Chapter 76-432, Laws of Florida, provides:
Section 1. Upon the expiration of the terms of members of the district school board of Martin County elected at or prior to the general election held in November 1976, the members of the board shall be elected in nonpartisan elections. No political affiliation shall be used by any candidate during his campaign, nor shall any such affiliation be shown on the ballot.
Ch. 76-432, Laws of Fla. The special law was approved by the voters of Martin County in a special election.
Appellants contend that the special act violates Article III, section 11(a)(1), of the Florida Constitution which prohibits special laws pertaining to the “election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies.” Fla. Const. (1968).
Article IX, section 4(a), also provides:
(a) Each county shall constitute a school district; _ In each school district there shall be a school board composed of five or more members chosen by vote of the electors ... as provided by law.
Fla. Const. (1968).
Had the drafters intended to restrict the authority of the legislature to enactments only by general law, this was the place to impose such a limitation. The constitution is more specific elsewhere. See Art. VII, §§ 1(a), 3(a), 3(b), 3(c), 4(a), 4(b), 6(c), 6(d), 6(e), 8, 9(a); Art. VIII, § 6(f); and Art. IX, § 5, Fla. Const. (1968). In Ison v. Zimmerman, 372 So.2d 431 (Fla.1979), the supreme court rejected a narrow interpretation of the phrase “by law” and held that it may apply to both general and specific acts.
Further, Article III, section 11(a)(1), is at best ambiguous with respect to whether a school board is included within the exceptions for special districts and local governmental agencies. The fact that some Florida statutes distinguish school boards from other special districts should not be controlling on an issue of constitutional interpretation. Historically, school districts in Florida have frequently been treated as special districts, as evidenced by the very act here in question and similar special acts. See, e.g., Ch. 78-476, Laws of Fla.; Ch. 76-488, Laws of Fla.; Ch. 76-457, Laws of Fla.; Ch. 76-356, Laws of Fla.; Ch. 75-505, Laws of Fla.; Ch. 73-547, Laws of Fla.; Ch. 73-519, Laws of Fla.; Ch. 73-483, *1050 Laws of Fla.; Ch. 71-393, Laws of Fla.; Ch. 71-389, Laws of Fla.; Ch. 67-1310, Laws of Fla.; Ch. 67-945, Laws of Fla. See also § 163.3164(9)(d), Fla. Stat. (1985). Appellant cites to no authority evidencing a contrary intent by the drafters of the 1968 revision of our constitution.
There are no public policy issues involved. The supreme court has previously upheld the constitutionality of a special act governing the election of school board members. School Board of Escambia County v. State, 353 So.2d 834 (Fla.1977). Acts of the legislature are presumed constitutional, and appellant has failed to meet the heavy burden in asserting otherwise. See State v. Kinner, 398 So.2d 1360 (Fla.1981); State v. Cormier, 375 So.2d 852 (Fla.1979); Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla.1964); Fulford v. Graham, 418 So.2d 1204 (Fla. 1st DCA 1982).
The final order is, therefore, affirmed.
ANSTEAD, J., concurs.
WALDEN, J., dissents with opinion.