556 So.2d 1381 (1989)
Charles W. KANE, et al., Petitioners,
v.
Peggy S. ROBBINS, Etc., et al., Respondents.
No. 72697.
Supreme Court of Florida.
July 20, 1989.
Rehearing Denied March 8, 1990.
Thomas E. Warner of Warner, Fox, Seeley & Dungey, P.A., Stuart, for petitioners.
James S. Telepman of Murphy, Reid, Pilotte & Ross, P.A., Palm Beach, and Douglas K. Sands of Douglas K. Sands, P.A., Stuart, for respondents.
GRIMES, Justice.
Pursuant to article V, section 3(b)(3), of the Florida Constitution, we review Kane *1382 v. Robbins, 524 So.2d 1048 (Fla. 4th DCA 1988), which expressly declared valid chapter 76-432, Laws of Florida.
Chapter 76-432, a special law, was approved by the voters of Martin County in a special election. It provided in part:
Section 1. Upon the expiration of the terms of members of the district school board of Martin County elected at or prior to the general election held in November 1976, the members of the board shall be elected in nonpartisan elections. No political affiliation shall be used by any candidate during his campaign, nor shall any such affiliation be shown on the ballot.
Petitioners, who are members of the Board of the Republican Executive Committee of Martin County, filed suit seeking to have chapter 76-432 declared invalid in violation of article III, section 11(a)(1), of the Florida Constitution, which states in pertinent part:
SECTION 11. Prohibited special laws. 
(a) There shall be no special law or general law of local application pertaining to:
(1) election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies;
The trial court ruled against the petitioners, and the Fourth District Court of Appeal affirmed in a split decision.
The issue before us has been addressed in the Florida courts once before. The 1976 Florida Legislature passed a special law pertaining to certain aspects of the administration of schools in Escambia County including the increase in membership of the school board from five to seven members, the reduction of board members' salaries to $200 per month, and the election of board members by a nonpartisan election. In a suit challenging the constitutionality of the statute, the trial judge held that the provision providing for a nonpartisan election was invalid because of the constitutional prohibition against special laws contained in article III, section 11(a)(1). An appeal was taken from that part of the judge's ruling upholding the balance of the statute.
Because there was no cross-appeal from the ruling which invalidated the provision for nonpartisan elections, this Court did not squarely pass on that question. However, we did consider the argument that the salary reduction of school board members also violated the prohibition of article III, section 11(a)(1). This Court ruled that the reduction of the salary was so incidental to the election of school board members as not to be cognizable by the prohibition of article III, section 11(a)(1). School Board v. State, 353 So.2d 834 (Fla. 1977). Thus, at least for purposes of that ruling, it was assumed that article III, section 11(a)(1), was applicable to school board members.

Is a member of the school board an officer within the contemplation of article III, section 11(a)(1)?

While the district court of appeal was silent on the subject, the trial court held that school board members were not constitutional officers. We note, however, that article III, section 11(a)(1), is not limited to "constitutional" officers. In any event, school board members are now accorded constitutional status by article IX, section 4(a), Florida Constitution.
Furthermore, in holding that deputy sheriffs were a class of officers within the ambit of a previous constitutional prohibition against the passage of special local laws regulating officers, this Court approved a definition of the term "office" which would surely encompass a member of the school board:
"`The term "office" implies a delegation of a portion of the sovereign power to, and possession of it by, the person filling the office; a public office being an agency for the state, and the person whose duty it is to perform the agency being a public officer. The term embraces the idea of tenure, duration, emolument, and duties, and has respect to a permanent public trust to be exercised in behalf of government, and not a merely transient, occasional, or incidental employment.'"
*1383 Blackburn v. Brorein, 70 So.2d 293, 297 (Fla. 1954) (quoting State ex rel. Clyatt v. Hocker, 39 Fla. 477, 485-86, 22 So. 721, 723 (1897)). This Court has also held that a member of the school board was an officer subject to suspension by the governor under a prior constitutional provision authorizing the governor to suspend all officers who are not liable to impeachment. In re Advisory Opinion to the Governor, 97 Fla. 705, 122 So. 7 (1929). In addition, there are several other decisions of this Court which have assumed that school board members are officers within the meaning of the constitutional prohibition against special laws pertaining to the duties of officers. School Board v. State, 353 So.2d 834 (Fla. 1977); Coon v. Board of Public Instruction, 203 So.2d 497 (Fla. 1967); Shad v. DeWitt, 158 Fla. 27, 27 So.2d 517 (1946).
The contention that the word "officer" in article III, section 11(a)(1), means only a person having individual jurisdiction rather than members of boards with collegial and corporate authority is belied by the case of Board of County Commissioners v. Hibbard, 292 So.2d 1 (Fla. 1974). In Hibbard this Court addressed a special law which transferred certain duties of the county commissioners to the sheriff. The law was held invalid as violating the constitutional prohibition against special laws pertaining to the "duties of officers" because it "curtails the duties of certain constitutional officers and shifts such duties to another constitutional officer." Id. at 7. The fact that the county commissioners act in a collegial and corporate capacity did not prevent them from being recognized as officers. Thus, there can be no doubt that a school board member is an officer for purposes of section 11(a)(1) of the Florida Constitution.

Is a school board excluded from the operation of section 11(a)(1) as a special district?

The district court of appeal concluded that section 11(a)(1) was ambiguous with respect to whether a school board constituted a special district for purposes of that section. The court relied upon the presumption of constitutional validity to uphold the statute. However, an analysis of how section 11(a)(1) became a part of our 1968 constitution reflects no intent that school boards were to be included within the term "special district." In Hayek v. Lee County, 231 So.2d 214 (Fla. 1970), this Court pointed out that the earlier constitution only prohibited special acts which pertained to "any class of officers, except municipal officers." In the final document presented to the legislature in 1967 by the Constitutional Revision Commission, the exclusion was broadened to include officers of chartered counties. Thereafter, the legislature chose to also exclude special districts and local governmental agencies. As the Court explained:
In its report of June 24, 1968, the Interim Constitutional Revision Committee essentially repeated a prior summary of changes made in Section 11(a) since the September 1967 draft:
"Style and Drafting reworded subsection 11(a) for clarity and intent, but no substantive change. The language `special districts or local governmental agencies' was added [in subsection 11(a)(1)] to authorize passage of special laws pertaining to such bodies as port authority and hospital boards, which clarifies the intent of both Houses."
Id. at 217.
There are other provisions of the Florida Constitution which clearly distinguish between the terms "special districts and school districts." Article VII, section 9(a), provides:
(a) Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution.
Likewise, article VII, section 10, of the Florida Constitution states in part:
SECTION 10. Pledging credit.  Neither the state nor any county, school *1384 district, municipality, special district, or agency of any of them, shall become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any corporation, association, partnership or person... .
Article VII, section 12, differentiates between school districts and special districts by stating:
SECTION 12. Local bonds.  Counties, school districts, municipalities, special districts and local governmental bodies with taxing powers may issue bonds, certificates of indebtedness or any form of tax anticipation certificates, payable from ad valorem taxation and maturing more than twelve months after issuance... .
The legislature has also distinguished school boards and special districts. Section 165.031(5), Florida Statutes (1987), provides:
(5) "Special district" means a local unit of special government, except a district school board, created pursuant to general or special law for the purposes of performing prescribed, specialized functions, including municipal service functions, within limited boundaries.
A similar definition of special district is set forth in section 200.001(8)(c), Florida Statutes (1987). Thus, it seems apparent that the term "special district," which is set forth as an exception to the prohibition of section 11(a)(1) of the constitution, does not include a school board.

Other considerations
In upholding the statute, the district court of appeal also referred to article IX, section 4(a), of the Florida Constitution, which states:
(a) Each county shall constitute a school district; provided, two or more contiguous counties, upon vote of the electors of each county pursuant to law, may be combined into one school district. In each school district there shall be a school board composed of five or more members chosen by vote of the electors for appropriately staggered terms of four years, as provided by law.
The court reasoned that had the drafters intended to restrict the authority of the legislature to enactments only by general law, it would have imposed such a limitation within this provision. We respectfully disagree. It is implicit that the words "as provided by law" mean a valid law. Most legislation may be accomplished by either general or special law. However, section 11(a)(1) lists twenty-one topics which cannot be the subject of a special law. It was logical for all of the limitations on special laws to be placed in a single section. We cannot divine an intent to negate the specific prohibition of article III, section 11(a)(1), from the absence of a reference to "general" law in article III, section 4(a).
The position we take is also consistent with two previous attorney general opinions. In opinion 072-46, issued February 15, 1972, Attorney General Shevin reasoned that school board members were officers within the purview of article III, section 11(a)(1), and that school boards were not included within the exception of "special districts or local governmental agencies," contained therein. Attorney General Smith applied the same analysis in opinion 079-106, issued December 14, 1979. Our decision is also in harmony with article IX, section 1, of the Florida Constitution, which provides for a "uniform system of free public schools."
We hold that chapter 76-432, Laws of Florida, is invalid because it was passed as a special act in contravention of article III, section 11(a)(1), of the Florida Constitution. We vacate the opinion of the district court of appeal and remand the case for further proceedings.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
OVERTON, J., concurs specially with an opinion, in which EHRLICH, C.J., and BARKETT and KOGAN, JJ., concur.
*1385 OVERTON, Justice, specially concurring.
While I find the legal basis for the majority opinion is a proper construction of the special general act requirements of our constitution, I would suggest the legislature now consider enacting a proper general law that would allow the electorate to have their school boards selected in nonpartisan elections at the option of each school board district.
EHRLICH, C.J., and BARKETT and KOGAN, JJ., concur.

ON MOTION FOR REHEARING OR FOR CLARIFICATION
PER CURIAM.
In their motion, respondents hypothecate that our holding will result in calamitous consequences to the schools in Martin County. They suggest that our decision may invalidate thousands of acts and decisions of the school board since 1976 and may impair the delivery of educational services to Martin County children until the election of new school board members.
Respondents' concerns are unfounded. Despite the unconstitutionality of chapter 76-432, the validity of the acts of those school board members duly elected in nonpartisan elections cannot be doubted. A de facto officer's acts are as valid and binding upon the public or upon third persons as those of an officer de jure. State ex rel. Hawthorne v. Wiseheart, 158 Fla. 267, 28 So.2d 589 (1946); Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927); State ex rel. Booth v. Byington, 168 So.2d 164 (Fla. 1st DCA 1964), affirmed, 178 So.2d 1 (Fla. 1965). Moreover, the official acts of the incumbent school board members shall continue to be valid until such time as new members are duly appointed. See §§ 114.01, 114.04, 100.111, Fla. Stat. (1989).
We remand the case with directions that the circuit court enter judgment declaring void the election of the incumbent school board members of Martin County.
Respondents' motion is denied.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.