PER CURIAM.
This matter is before the court on appellant’s motion for emergency relief. Appellant’s timely motion is taken from a final declaratory judgment of the trial court, and an amended order on motion for clarification, both entered pursuant to the case of Kane v. Robbins, 556 So.2d 1381 (Fla.1989). Kane held that Article III, Section 11(a)(1) of the Florida Constitution prohibits, with certain exceptions, the enactment of special laws pertaining to constitutional officers which the Kane court said included school board members. In short, the trial court has determined that the non-partisan elections of all the present members of appellant School Board are void, pursuant to Kane, and that new partisan elections must be held. Emergency relief is sought, inter alia, because the filing deadline for the presently scheduled primary election is only two days away, to wit, July 20, 1990.
The school board argues that officers from “chartered counties” are excluded from this special law prohibition. Reading Kane, we believe that the Supreme Court would agree with that contention. Unfortunately, when Palm Beach County enacted its special law requiring school board members to be elected in nonpartisan fashion, it was not a chartered county. This is not a mere technical shortcoming, because the Supreme Court in Kane declared such special law elections void.
As a consequence, we believe Judge Rodgers was eminently correct in what he did and, in fact, could not, at his level, have done otherwise.
*1136 Pursuant to the provisions of Florida Rule of Appellate Procedure 9.125, we sua sponte certify this matter as requiring immediate resolution by the supreme court, because the pending matter is of great public importance, or may have a great effect on the proper administration of justice throughout the state. It is possible that the supreme court will distinguish the issue now before us from the issue in the Kane case. Palm Beach is now a chartered county even if it was not at the time of the enactment of the special law.
The automatic stay in effect pursuant to rule 9.310(b)(2), Florida Rules of Appellate Procedure shall continue until further direction from the supreme court. The circuit court’s final order on plaintiffs complaint for declaratory relief and the amended order are affirmed, and certified to the Florida Supreme Court pursuant to rule 9.125, Florida Rules of Appellate Procedure.
LETTS, GUNTHER and POLEN, JJ., concur.