PER CURIAM.
In Kane v. Robbins, 556 So.2d 1381 (Fla.1989), this Court held that a special law providing for the nonpartisan election of Martin County School Board members was invalid. As a consequence, the School Board of Palm Beach County filed a complaint for declaratory relief seeking a determination of the validity of chapter 71-393, Laws of Florida, under which its members are elected. In the Kane decision, the Martin County special act was declared invalid because it was enacted in violation of article III, section 11(a)(1), Florida Constitution, which states:
SECTION 11. Prohibited special laws.—
(a) There shall be no special law or general law of local application pertaining to:
(1) election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies.
(Emphasis added.)
The Palm Beach County School Board asserted that Kane was distinguishable because Palm Beach County is now a chartered county, which makes the county subject to the exception contained in section 11(a)(1) of article III; that the prohibition in section 11(a)(1), which was applied in Kane, is inapplicable to chartered counties; and that the provisions of chapter 71-393, Laws of Florida, have validly applied to Palm Beach County since it became a chartered county. The trial court rejected the school board’s position, stating in its final order:
If there had been no Charter for Palm Beach County, we would be controlled by the Kane decision. Without the Charter, the 1971 act changing the election to non-partisan would be invalid. The Charter dictates that the validity of any of its ordinances ... shall continue as if the Charter had not passed. This raises a question of whether the Charter can adopt and validate an invalid ordinance. If the law was unconstitutional then it must still have the same status.
The Charter gives the County power to make the election non-partisan but it was never done once the County got the power and authority to do so. The power must first exist, it cannot be used now for then, no more than a light switch can give light until after it has the power.
On the school board’s motion for emergency relief, the Fourth District Court of Appeal affirmed the trial court and certified the matter to be of great public importance. School Board v. Winchester, 563 So.2d 1135 (Fla. 4th DCA 1990). We have *1352 jurisdiction.[1] Because of the impending elections, we have acquired the records and briefs filed by the parties in the district court of appeal and have authorized no additional briefing in this Court.
The legislature enacted chapter 71-393 subject to a referendum. The citizens of Palm Beach County approved the act, and they have elected school board members under this act for almost eighteen years.
This Court has a duty to construe a statute as constitutional if it is reasonably possible to do so. See Sandlin v. Criminal Justice Standards & Training Comm’n, 531 So.2d 1344 (Fla.1988); Corn v. State, 332 So.2d 4 (Fla.1976). Clearly, the prohibition of article III, section 11(a)(1), is not applicable to chartered counties. Under the special circumstances in this case, we find that it is reasonable to uphold the statute because it was not challenged prior to Palm Beach County’s becoming a chartered county and because its provisions are presently constitutional under article III, section 11, Florida Constitution. We find that Kane does not control since that decision was not applying the constitution to a chartered county.
Accordingly, we hold that the provisions of chapter 71-393, Laws of Florida, are presently constitutional. We therefore quash the decision of the district court of appeal and direct that this cause be remanded to the trial court for the entry of a judgment consistent with the views expressed in this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, BARKETT and KOGAN, JJ., concur.
EHRLICH, J., dissents with an opinion, in which GRIMES, J., concurs.
GRIMES, J., dissents with an opinion, in which EHRLICH, J., concurs.
NO MOTION FOR REHEARING WILL BE ALLOWED.

. In addition to certifying the matter as one of great public importance, the district court of appeal also purported to certify the trial court's order to this Court for immediate resolution pursuant to article V, section 3(b)(5) of the Florida Constitution and rule 9.125, Florida Rules of Appellate Procedure. However, this procedure is inconsistent with the fact that the district court of appeal affirmed the order of the trial court. Because the school board has now filed a notice to invoke discretionary jurisdiction, we have determined to accept jurisdiction under article V, section 3(b)(4) of the Florida Constitution.