EHRLICH, Justice,
dissenting.
I am of the opinion that the trial judge was eminently correct in his analysis in his order on Plaintiffs Complaint for Declaratory Judgment.
This Court struck down a similar special act in Kane v. Robbins, 556 So.2d 1381 (Fla.1989), but the school board asserts, and the majority agrees, that Kane is distinguishable because Palm Beach County is now a chartered county. There is no dispute that Kane would control except for the fact that long after the passage by the legislature, in 1971, of the special act in question the electorate of Palm Beach County approved a County Home Rule Charter, effective January 1, 1985. The majority now says that what was invalid at its inception is now valid by virtue of the subsequently adopted charter. I do not accept such judicial legerdemain. The trial judge put his finger on the nub of the question when he correctly held: “The court finds that the Charter did not adopt, ratify or specifically legitimatize the 1971 act allowing the election of school board members to be nonpartisan.”
The travesty of the whole scenario is that now that the county is chartered it no longer needs to rely on special acts of the legislature to bring about nonpartisan election of members of the school board. The county itself has the authority to enact such a provision as the one at issue. Yet it has never done so.
I readily agree that what the majority is doing makes things easier for the county and the school board but that should not be the basis of a ruling by this Court.
The majority says “that it is reasonable to uphold the statute because it was not challenged prior to Palm Beach County’s becoming a chartered county and because *1353 its provisions are presently constitutional.” I cannot accept being “reasonable” as a legal basis for upholding the constitutionality of a special act which was unconstitutional at its inception. The critical disposi-tive factor in my opinion is that if the statute was unconstitutional at its inception, the adoption of the charter does not in some mysterious, mystical manner make it constitutional now. While such a ruling may not be harmful in this case, and may in fact be highly desirable from the point of view of the school board, it carries with it the potential for doing harm under other factual circumstances, and this is what makes it “bad law.”
I would approve the decision below. I, therefore, respectfully dissent.
GRIMES, J., concurs.