GRIMES, Justice,
dissenting.
I can sympathize with the unspoken desire to avoid disruption of the impending school board election in Palm Beach County. However, I cannot join in accomplishing that result without a rational basis for doing so.
There is no dispute that chapter 71-393, Laws of Florida, was invalid because it was enacted in violation of article III, section 11(a)(1) of the Florida Constitution. Kane v. Robbins, 556 So.2d 1381 (Fla.1989). Palm Beach County did not become a chartered county until several years after the enactment of chapter 71-393. The only portion of the Palm Beach County charter which may be pertinent to this issue is section 6.2 which states that “adoption of this Home Rule Charter shall not affect any existing obligations of Palm Beach County, the validity of any of its ordinances, or the term of office of any elected county officer which terms shall continue as if this charter had not passed.” Palm Beach County has never acted in its capacity as a chartered county to authorize nonpartisan elections for members of the school board.
I know of no legal theory by which it could be said that the adoption of the home rule charter breathed life into the constitutionally invalid special law. See Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (Fla. 4th DCA 1982).
I respectfully dissent.
EHRLICH, J., concurs.